# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SARAH MARIE BUCKLEW and CHRISTOPHER ING, Plaintiffs, | § § § § | |
| v. | § § | Civil Action No. 3:19-CV-435-N |
| CRAIG BONHAM, et al., Defendants. | § § § | Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

By *Special Order 3-251*, this pro se case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Plaintiff's Motion to Consolidate*, filed May 14, 2019 (doc. 10). Based on the relevant filings and applicable law, the motion is **DENIED**.

## I. BACKGROUND

On August 14, 2018, Sarah Bucklew filed a civil rights action under 42 U.S.C. §§ 1983 and 1988 against Garland Police Officers Matt St. Clair and M. Clark (Officers), in their individual capacities, and the City of Garland (City) (collectively, Defendants), for allegedly violating her Fourth Amendment rights when she was involuntarily admitted to a psychiatric hospital on May 1, 2018. (*See Bucklew v. St. Clair,* No. 3:18-CV-2117-N (N.D. Tex.), doc. 1 at 2, 7-12.) She sought compensatory damages "against all Defendants, jointly and severally, in an amount to be determined at trial;" nominal damages for violations of her civil rights; punitive damages against the officers; costs, expenses, and attorney fees under 42 U.S.C. § 1988(b); and "other relief" the Court deems "just and deserving." (*Id.* at 14.) Ms. Bucklew sought and was granted leave to proceed *in forma pauperis* (IFP). (*See* No. 3:18-CV-2117-N, docs. 2, 6.) On September 10, 2018, the defendants moved to rescind the order granting her IFP status and to dismiss the lawsuit on grounds that she had made false

statements in her IFP application. (*See* No. 3:18-CV-2117-N, doc. 14.)

On February 20, 2019, Ms. Bucklew and Christopher Ing (collectively Plaintiffs) filed this lawsuit against two of the three defendants named in Ms. Bucklew's first lawsuit, as well as the Texas Department of Family Protective Services, four of its caseworkers, and the Assistant District Attorney representing it. (*See* doc. 3.) They filed an amended complaint on March 11, 2019, in which they allege that their rights under the Fourth Amendment of the United States Constitution have been violated as a result of an investigation by Dallas County Child Protective Services of false reports of abuse and neglect of their children, and they sue under 42 U.S.C. § 1983. (*See* doc. 7.) Plaintiffs' motions to proceed IFP in this case remain pending, and service on the defendants has not yet been ordered. (*See* docs. 5, 6.)

On May 13, 2019, Plaintiffs filed a 362-page amended complaint in her first lawsuit adding Mr. Ing as a plaintiff and adding 23 named defendants and 1000 John Doe defendants. (*See* No. 3:18-CV-2117-N, doc. 43.) The named defendants include federal agencies, state agencies, municipalities, city officials, a bank, a mortgage company, a utility company, a law firm, an insurance company, a homeowners association, a senator, a school district, and individuals employed by them. (*Id.*) Plaintiffs allege that the defendants conspired in violation of 18 U.S.C. § 371 to alter property records, which caused an insurance company to deny her claim for hail damage to her roof. (*Id.* at 1-2.) They also claim that the defendants have participated in a secret government program to unlawfully intercept citizens' telephone and internet communications, and that they are using secret technology to conduct surveillance on Plaintiffs. (*Id.* at 4-6.) Because Plaintiffs did not seek leave to file the amended complaint, it was ordered stricken on May 15, 2019. (*See* No. 3:18-CV-2117-N, doc. 46.)

Also on May 15, 2019, it was recommended that Ms. Bucklew's first lawsuit be dismissed with

prejudice because the Court found that she had made false statements in her IFP application. (*See* No. 3:18-CV-2117-N, doc. 44.)

## II. CONSOLIDATION

Plaintiffs seek consolidation of both lawsuits under Federal Rule of Civil Procedure 42(a).

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation is appropriate when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir.1989); *see also Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999) ("The purpose of consolidation is to enhance efficiency and avoid the substantial danger of inconsistent adjudications. A court has discretion to consolidate, and this decision is premised on a balancing test that weighs the saving of time and effort versus inconvenience, delay or expense."). "In weighing whether to consolidate actions, courts generally consider factors such as (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017). Courts have broad discretion to decide whether cases should be consolidated. *Mills.*, 886 F.2d at 761; *see also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir.1993) (same).

Here, it is not apparent that both lawsuits involve a common question of law or fact. The causes of action alleged in all of the complaints in the two actions are based on different sets of facts and allegations, despite the fact that they involve at least three common parties. Because the cases are pending before the same district and magistrate judges, there is no apparent risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately. Nor is it apparent that consolidation will reduce the time and cost of trying the cases separately, given the distinct factual bases of the cases. Significantly, the cases are at very different stages.

"Consolidation may be properly denied in instances where the cases are at different stages of preparedness for trial." *Mills.*, 886 F.2d at 761. "The court may decide that consolidation is inappropriate where 'two cases have markedly different procedural postures,' with one 'rapidly nearing final judgment' and the other 'just beginning,' so consolidation would not serve judicial economy, but instead delay final resolution in the older case and create unneeded repetition and confusion." *Moller–Maersk v. Safewater Lines*, No. H-13-1726, 2017 WL 416296, at *4 n. 8 (S.D. Tex. Jan. 31, 2017); *see also Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 90359, at *1 (N.D. Tex. Jan. 13, 2009) (denying motion to consolidate because cases were at materially different stages of trial preparation; one was recently filed and the other had been ongoing for four years and was on the eve of trial).

It has now been recommended that the first lawsuit be dismissed with prejudice because the Court found that Ms. Bucklew made false statements in her IFP application. Because service of this case has not yet been ordered pending review of Plaintiffs' IFP applications in this lawsuit, consolidation at this stage will result in a delay in the conclusion of Ms. Bucklew's first lawsuit. In conclusion, after weighing the relevant factors, the Court finds that consolidation would not enhance

efficiency and is not appropriate under these circumstances.

## III. CONCLUSION

The plaintiffs' motion to consolidate this case with plaintiff Bucklew's prior action, No. 3:18-CV-2117-N, is **DENIED**.

**SO ORDERED** on this 16th day of May, 2019.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE