## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SARAH BUCKLEW and | § | |
| CHRISTOPHER ING, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:19-CV-435-N |
| | § | |
| | § | |
| CRAIG BONHAM, et al., | § | |
| Defendants. | § | |

## <u>MOTION TO RECUSE</u>

Now comes the above named, Plaintiffs Sarah Bucklew and Christopher Ing and moves to recuse Judge David C. Godbey, as well as Magistrate Judge Irma Carillo Ramirez from the above entitled matter under 28 USCS Sec. 455, and Marshall v Jerrico Inc., 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980). "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law."

The above is applicable to this court by application of Article VI of the United States Constitution and Stone v Powell, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). "State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law."Also see RI Supreme Court Article VI and Canons 1, 2, and 3.B.6.

The above mentioned Judges (Judge David C. Godbey, as well as Magistrate Judge Irma Carillo Ramirez) have violated this litigant's personal liberties and each has wantonly refused to

provide due process and equal protection to the Plaintiff before the court and  has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings. Plaintiff is outlining a set of events in this case that back up this claim and is enclosing this evidence outlined here not only for consideration of this court, but also the next judge and court this case(s) is subsequently assigned to. Plaintiff is also forwarding this evidence and this motion to several other entities to be provided as evidence in the judicial complaints against these two judges (Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez) with the Clerk of the Fifth Circuit of Appeals, as well as the Texas Supreme Court and the US Supreme Court in the hope this information will be taken into consideration with regard to passing legislation in order to prevent anything like this from ever occurring to anyone, especially a pro se litigant, ever again. The justifiable cause for the judicial misconduct complaints which outlines the *"conduct prejudicial to the effective and expeditious administration of the business of the courts"* and is alone enough to warrant the Motion to Recuse these judges from Plaintiff's case(s) permanently, as these complaints have now been sent to Fifth Circuit of Appeals.

## I.      BACKGROUND

On August 14, 2018, Sarah Bucklew (Plaintiff) filed this civil rights action under 42 U.S.C. §§ 1983 and 1988 against Garland Police Officers Matt St. Clair and M. Clark (Officers), in their individual capacities, and the City of Garland (City) (collectively, Defendants), for allegedly violating her Fourth Amendment rights when she was involuntarily admitted to a psychiatric hospital on May 1, 2018. (See doc. 1 of 3:18-cv-2117-N-BH)

On February 20, 2019, Plaintiff filed an "Ex Parte Motion for Temporary Restraining Order." (See doc. 30 of 3:18-cv-2117-N-BH) Plaintiff claimed then, and is still claiming now,

since June 2017, Defendants (and other unidentified entities, now identified on the attached Appendix "Exhibit A") have gained unlawful access to Plaintiff's computers, all devices in the family and Plaintiff's intellectual property in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Plaintiff requested an ex parte order barring them from "continuing to hack, or gain unlawful access to Plaintiff's intellectual property and computers;" "continuing to contact and/or communicate with Child Protective Services Unit of the Texas Department of Family and Protective Services, in order to harass and intimidate [her];" The ex parte motion for TRO (doc 30 of 3:18-cv-2117-N-BH) was ordered served on Defendants, and they responded on March 18, 2019. (docs. 32, 36 of 3:18-cv-2117-N-BH) Plaintiff filed an objection/reply to Defendant's response on March 22, 2019 (doc. 37), and an amended reply on March 25, 2019. (doc. 38 of 3:18-cv-2117-N-BH)

On February 20, 2019, Plaintiff Sarah Bucklew filed a new cause of action against CPS, the City of Garland, and Officer Matt St Clair in federal court, due to the previous case outlined in the two preceding paragraphs (3:18-cv-2117-N-BH), this new cause of action (this case) was assigned to Judge Godbey's court, which is this court and this case. Plaintiffs' motions to proceed IFP (doc 5 & 6) in this case remain pending to this day on November 25, 2019, and service on the defendants has not yet been ordered since February 2019. (doc 5 & 6) This new cause of action has failed to move forward even slightly and has been basically completely ignored by this court, by both Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez since the date it was filed by the pro se Plaintiff's on February 20, 2019. With the exception of the Motion to Consolidate Cases (doc 10) denied by this court on May 16, 2019 (doc 11). Plaintiff was also informed recently by the state agency CPS, due to an unlawful incident that occurred on May 24,

2019, that CPS was unaware of this lawsuit filed against the state agency. Plaintiff is now duly

aware, this is being done deliberately by all the culprits involved, several culprits now identified

on the Appendix to this motion as "Exhibit A", the Defendants named in the style of this case, as

well as Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez.

Plaintiff Sarah Bucklew, is also in addition to this Motion to Recuse in this case, filing a

Motion to Recuse Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez from the

original civil rights violation, case 3:18-cv-2117-N-BH. The original case was the civil rights

violation which occurred on May 1, 2018 wherein the Garland Police officers lacked jurisdiction,

as well as cause to take Ms. Bucklew into custody on an APOWW, the police body cam video of

the incident can be viewed here https://youtu.be/_fh724R8BqQ. All of the incidents in the

original case and this new cause of action filed as a separate lawsuit are all related and stemming

from the same set of culprits engaging in what can only be described as complete organized

crime by everyone named here.

As this case against CPS has failed to move forward at all, while Plaintiff's family have

continued to experience harassment from the state agency CPS in May 2019 unlawfully, when

the Plaintiff's appealed the forcible detainer action on Ms. Bucklew's inherited property, (Dallas

County Court of Law No 3: CC-19-01018-C & Fifth Court of Appeals: 05-19-00650-CV). The

additional harassment from the state agency is a direct result of this Court's ignoring this new

cause of action filed on February 20, 2019. Plaintiff is forced to assume, as the year anniversary

mark of the filing of this lawsuit against CPS is now just a few weeks away, that the intention of

this court, Judge Godbey and Magistrate Judge Irma Carillo Ramirez, the plan to ignore the

lawsuit for an entire year, and thus forever, which alone must constitute granting of a Motion to

Recuse these two aforementioned judges from both of Plaintiff's cases, 3:18-cv-2117-N-BH &

3:19-cv-00435-N-BH and permanently.

      The CPS lawsuit, this case, could **not** be acknowledged by this court. Plaintiff realizes

now, because the "plan" for the state agency CPS and the harassment of the Plaintiff's family

was enduring with multiple unlawful, false reports of abuse and neglect made against the

Plaintiff's, all made by these culprits, the "plan" to harass the family was not yet over. Of course,

Plaintiff could not have anticipated all of this at the time in February 2019 when this suit was

originally filed as a new cause of action and new lawsuit. The "plan" upon the family being

illegally evicted *(which was based on an illegally and fraudulently issued Writ of Possession out*

*of Dallas County Court of Law No 3, CC-19-01018-C)* from the family's home there was a plan

to include more incidents with more unlawful and false reports of abuse and neglect involving

CPS, without legal cause or reason to do so. The allegations made to CPS in May 2019, as well

as the other previous six allegations which were reports of abuse or neglect against the Plaintiff's

and their children, do not by any stretch of the imagination reach the requirements outlined in

Chapter 261 of the Texas Family Code and are not sufficient reports of abuse or neglect

according to Chapter 261 of the Texas Family Code, at all. Also, the report of abuse or neglect

made to CPS in May 2019, was falsely identified as being initiated from a lawyer at Legal Aid of

Northwest Texas who answered Ms. Bucklew's call at the end of May 2019 to the Legal Aid

Hotline, for legal advice with her pending forcible detainer pending at the time out of Dallas

County Court of Law No 3, CC-19-01018-C. The false report of abuse/neglect made against the

Plaintiff was <u>not</u> reported by the lawyer she spoke with at Legal Aid of Northwest Texas, as

incorrectly identified by CPS multiple times to Ms. Bucklew and was falsely listed as the on the Sachse Police report regarding the incident.

Conclusively, all of this outlined above is the only reason this CPS lawsuit (this case) could not move forward in this court naturally in February 2019 as is required by federal law, into the initial case screening and thus pretrial management, as the plan for CPS to continue harassing the Plaintiff's and their family, unlawfully, was not yet concluded. **This alone constitutes fraud on the part of this court.** This is also indicative of a "conspiracy" involving Judge David C. Godbey's and Magistrate Judge Irma Carillo Ramirez's knowledge. Otherwise, what would be the reason for these two judges to ignore this new cause of action, as if the new cause of action, this case was never filed? The only assumption that can be inferred from this lack of action taken in this CPS cause of action either way, *as the Plaintiff's family continued to be harrassed with more false allegations of abuse/neglect that are not sufficient allegations of abuse/neglect according to the Texas Family Code Chapter 261,* would be that something else was supposed to occur in the future. That "planned" unknown factor was only unknown by the Plaintiff's and their family, but it must have been known by this court, specifically known by Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez. **This inaction alone constitutes fraud on the part of this court.** This inaction in this case, 3:19-cv-00435-N-BH, and proof of fraud on the part of this court and Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez is indicative of some sort of "conspiracy" involving the two judge's knowledge of the future events that Plaintiff's had no knowledge regarding.

Plaintiff is filing with this Motion to Recuse in this CPS case, a Motion to Recuse and a Motion to Set Aside Order Dismissing Case Based on New Evidence in the closed civil rights violation 3:18-cv-2117-N-BH. As Plaintiff has factual evidence the Felony indictment in her criminal case, the foreman of the Grand Jury's signature was forged on the Felony indictment in June 2018, specifically forged on June 28, 2018, for a Grand Jury session that occurred on june 21, 2018. Therefore, the felony indictment of the misdemeanor harassment charge is a fraud and the (pending) criminal misdemeanor charge (pc 42.07 Section C) filed on a forged felony indictment is now non-existent and is now required to be stricken from this court's record. Which means any evidence submitted to this court obtained from this false pending criminal charge cannot be considered as evidence in the case 3:18-cv-2117-N-BH. This cause of action (3:18-cv-2117-N-BH) was dismissed with prejudice (see doc 45, 55, 56 of 3:18-cv-2117-N-BH) based (at least) in part, by evidence taken from the false pending criminal charge, thereby allowing the Plaintiff to file a motion to reopen this case based on new evidence she recently obtained, which is outlined in this Motion to Recuse filed in the case 3:18-cv-2117-N-BH, as well as outlined in the Motion to Set Aside Order Dismissing Case Based on New Evidence, both filed yesterday in the case. With this and this information outlined in detail in this Motion to Recuse in the CPS case, the Plaintiff is requesting Judge Godbey and Magistrate Judge Irma Carillo Ramirez not hear or consider any of Plaintiff's subsequent motions she is planning on filing. Plaintiff's are requesting this motion to recuse that proper procedure is followed, this motion is granted and all other subsequent motions be heard by an impartial judge subsequently assigned to this cause of action based on the granting of this motion to recuse.

Ms. Bucklew is duly aware of the serious nature of these allegations, and apologizes for being left no choice but to state these allegations here in this Motion to Recuse, as this is ample and more than enough truthful information of what has transpired in this case to require recusal of these two federal judges, Judge Godbey and Magistrate Judge Irma Carillo Ramirez permanently from any cases filed in federal court involving the Plaintiff's or Ms. Bucklew. For the record, Ms. Bucklew made multiple attempts to settle these federal cases, including this CPS case, with the culprits and all claims against the individuals identified, yet to be named in an additional lawsuit and are attached hereto in the Appendix as "Exhibit A". As pro se Plaintiff, Ms. Bucklew, promised to them directly in the multiple civil attempts to settle each and every claim including both 3:18-cv-2117-N-BH and 3:19-cv-00435-N-BH between November 17, 2019 - November 19, 2019, which although the settlement efforts made by Plaintiff were indeed received by these parties outlined on "Exhibit A" as Plaintiff has proof these settlement efforts were received by each and every party outlined on "Exhibit A" and even more just the named individuals on Exhibit A. These settlement efforts on Plaintiff's part went completely ignored by the correctly identified culptrits. While the posts in Microsoft.com Technet Forum between November 19, 2019 - November 22, 2019, were contratily not ignored by the culprits named on "Exhibit A". Plaintiff is stating these facts to be considered by the court, simply because the culprits correctly identified on the attached "Exhibit A" were duly aware of this information Plaintiff was planning to file immediately if her efforts to settle multiple aspects of these crimes and these cases in federal court continued to be ignored. All of this was done by Ms. Bucklew before being forced as a last result, evidently Plaintiff is left no other option but to file this

information here, as outlined in this Motion to Recuse, additionally the Motion to Recuse filed in 3:18-cv-2117-N-BH.

The only fear the culprits, identified on "Exhibit A" ever displayed at any point, was between November 19, 2019 - November 22, 2019, when Plaintiff was immediately (after the settlement offers and efforts directly made to these individuals) posting the **DISM hack** information attached to the Appendix as "Exhibit B" on the Microsoft.com Technet Forum. The individuals identified on "Exhibit A" did not care that Plaintiff was planning to file all of this information in federal court. Plaintiff explained via the emails sent in an attempt to negotiate a settlement to end these cases between November 16, 2019 - November 22, 2019 in a total of three emails, that Plaintiff planned to open the closed "Officer Matt St Clair" which is this case 3:18-cv-2117-N-BH, based on the recently obtained proof the Felony indictment was forged out of Dallas County on June 28, 2018. As this would be the new evidence that could open the closed case *dismissed with prejudice* on May 24, 2019.

The culprits displayed no care or cause for concern with this information sent directly to each of them in correspondence which consisted of Plaintiff's efforts to settle her claims and get the individuals to cease altogether hacking the Plaintiff. As the Plaintiff is still hacked in this manner to this very day on November 25, 2019. In these settlement offers outlining the plan Plaintiff had to re-open the "Officer Matt St Clair" case from the unlawful incident on May 1, 2018 (which can be seen in the body cam video here: https://youtu.be/_fh724R8BqQ), based on the new evidence Plaintiff discovered on November 12, 2019, and is attached in the Appendix as Exhibit D and Exhibit E. Exhibit D and Exhibit E is evidence that cannot be argued, it is factual information which can be easily verified by anyone, as it is publicly available online on

dallascounty.org's website. Plaintiff is asking this court and everyone reading this, why is it that the culprits identified on "Exhibit A" individuals in Executive leadership at both Stroz Friedberg LLC and Aon PLC, why is it the cause for concern was only limited to the DISM hack posted on the Microsoft.com Technet forum? The only people who read the Technet forum on Micorosft.com's website are Microsoft software developers. Which for the record, Plaintiff would like it noted here that Microsoft made the Plaintiff post the information regarding the remotely deployed DISM hack on the Microsoft Technet Forum, regarding the hacking she was experiencing on over 20+ of her Windows 10 machines since precisely Saturday, June 24, 2017, the day she was proximity hacked by these culprits while at her house in Sachse. At which point Plaintiff went driving around to find, found, and then began taking pictures of and chased in her neighborhood in Sachse, Texas where she ultimately chased the culprit back to her own street of Aspen Estates Drive who was driving a Garland Police car license plate (DKY-1559) while proximity hacking her house. Is the lack of care or concern due to the fact that they have unbridled amounts of money available for these identified culprits have access to, to bribe all federal judges with? Is it the illegal and unlawful influence US Attorney of the Northern District of Texas, Erin Nealy Cox has over all of the federal judges in the Northern District Court, Dallas Division? Or is it simply that they do not care about Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez ultimately, or what happens to them as a result of their participation in what has illegally and unlawfully occurred in both of these cases (3:19-cv-00435-N-BH) and the civil rights violation from May 1, 2018 (3:18-cv-2117-N-BH)? As Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez were just being used as pawns in the grander scheme of this overwhelming evidence of organized crime used by these identified culprits at Stroz

Friedberg LLC and Aon LPC attached hereto as "Exhibit A"? Is it because these culprits thought Plaintiff was bluffing in her explanation to reopen the "Officer Matt St Clair" case? Is this assumption of bluffing based on the ridicule and mocking Plaintiff unconstitutionally experienced while standing in front of Judge Audrey Moorehead at a court appearance in her criminal case in June 2019, wherein Judge Audrey Moorehead (who is also on the Board of Trustees along with 'chair' Magistrate Judge Irma Carillo Ramirez) in a demeaning and mocking manner said to the Plaintiff, ***"...filing your own motions because you think you are an attorney?..."*** For the record here, because Judge Moorehead did not state this question demeaningly to Ms. Bucklew because Judge Moorehead thought up herself, that this demeaning question should be asked, which is also unconstitutional to ask, imply or state, rather someone had Judge Moorehead specifically state this demeaning question to the Plaintiff and then not allow Plaintiff to respond to the Judge's demeaning question. Plaintiff does not think she is attorney. Plaintiff knows she is entitled by the US Constitution to do so. However, this statement made to the Plaintiff by her criminal court judge in June 2019, was meant to strip Plaintiff of the confidence to file her own motions, which please note, literally almost worked, ***almost***.

Was it Magistrate Judge Irma Carillo Ramirez who instructed Judge Audrey Moorehead to state this demeaning question to Plaintiff, and then not allow Plaintiff to answer the question at a court appearance in her criminal case that is based on a forged Felony indictment of misdemeanor penal code violation 42.07 Section C, according to the penal code 42.07 Section C, a charge that literally as outlined in the statute cannot even be indicted? Was this to prevent the Plaintiff from filing any further motions for relief she and her family are entitled to in federal court?

Plaintiff is amazed that the only care for concern these culprits identified for the first time in court records on "Exhibit A" *(as promised directly to them, that their names and association to the FBI and Secret Service would be included as evidence filed along with every motion in every case)* ever expressed, immediately expressed, by going to great lengths to prevent the **"DISM Hack"** information to be posted on the correct category forum on the Microsoft.com website. Whether this was done just to prevent the Plaintiff from obtaining help to get the remotely deployed DISM hack off of her WIndows 10 machines permanently, or to prevent Micoorosoft from realizing what Plaintiff was describing in the detailed information pertaining to the remotely deployed DISM hack, is irrelevant. It was however, the <u>only</u> fear ever displayed during the duration of these crimes for over two years now, by these culprits identified and attached hereto as "Exhibit A". These culprits went to great lengths to prevent the **"DISM Hack"** from being posted on the Microsoft Technet Forum, but even more revealing than that, was the great lengths the culprits identified and attached hereto as "Exhibit A" went to, <u>in order to prevent Microsoft from knowing they were preventing the Plaintiff from posting this question on the forum</u>.

Plaintiff has no choice now, with this newly learned information, but to include Microsoft in the additional lawsuit, which is an additional cause of action Plaintiff as a necessity needs these two judges to be recused from any and all cases involving the Plaintiff and her family. As can be seen in the Plaintiff's Original Complaint for Injunctive Relief and Monetary Damages and Demand for Trial By Jury (doc 43 of 3:18-cv-2117-N-BH) filed on May 13, 2019, attached to this document (doc 43 of 3:18-cv-2117-N-BH)  as "Exhibit N" are the Microsoft IP addresses implicating individuals employed by Microsoft literally caught hacking the Plaintiff's website, at

the time. Although, when Plaintiff filed this new cause of action (doc 43 of 3:18-cv-2117-N-BH) in May 2019, Plaintiff literally had not a clue what those Microsoft IP addresses meant back in May 2019. As a result of events that transpired in the past few days on the Microsoft.com technet Forum, Plaintiff now understands what those IP addresses taken from her website apache access logs mean. This must be the method the remote deployed DISM hack was being deployed to Plaintiff's Windows machines remotely and at least partly involved multiple culprits employed by Microsoft. It was being remotely deployed from Microsoft IP addresses. Microsoft literally has no idea about this information, which is the reason that the culprits identified on the attached "Exhibit A" went to such great lengths to prevent the "DISM hack" (Exhibit B) to be posted on the Microsoft Technet forum between November 19, 2019 - November 22, 2019, and also one other attempt by Plaintiff in 2018.

Furthermore, if Plaintiff had lied on the first IFP application for the first lawsuit the civil rights violation that occurred on may 1, 2018 by the Garland Police officers who lacked jurisdiction or case to take Ms. Bucklew on an illegal APOWW, would the second lawsuit, this lawsuit 3:19-cv-00435-N-BH against CPS, the City of Garland and Officer Matt St Clair have the same, exact viable claim that Plaintiff is not pauper? Yet, the lawsuit never moved forward for required screening of the IFP application, and pretrial management and such claim was never made since the Defendant's and Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez were literally pretending by acting as if the new case was never filed. Yet, even as all of these parties pretended the new cause of action, this case 3:19-cv-00435-N-BH, was never filed, the Plaintiff and her family continue to be harassed by CPS, the family has literally lost everything due to these crimes, and the hacking continues even after losing and moving far away

and only intensifies? All of this is a direct result of Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez ignoring the Plaintiff's actionable cause of actions, including completely ignoring this new cause of action against CPS as if it was never even filed, filed on February 20, 2019, almost a year ago now. The original IFP application and original claim that Plaintiff is indeed pauper is still true, now, and even more so true, now, and it is a direct result of these crimes against Plaintiff and her family, which could have been halted, preventing further damage done to the family, by this court setting the case for required pretrial management, after the initial screening of the case, as is required by federal law and local rules for this court. This court denied the legal necessity with Plaintiff's two lawsuits, including this new cause of action (3:19-cv-00435-N-BH), to halt such crimes and preventing further damage being done to the family with the progression of these crimes. This is enough case to request Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez please, respectfully be recused from the Plaintiff's cases, 3:18-cv-2117-N-BH and 3:19-cv-00435-N-BH and all subsequent causes of action, permanently.

Plaintiff is going to pull a page from a bizarre event that occurred on May 7, 2019, when Judge Skemp recused himself from Plaintiff's criminal case, he did so at the next hearing following the only hearing the Plaintiff ever had with Judge Skemp which was her competency hearing on April 16, 2019, and Judge Skemp recused himself from behind chambers granting the Plaintiff's Motion to Recuse him filed pro se by Plaintiff on April 29, 2019. Given the totality of the information now, that was certainly the best way to do it. Plaintiff's each request this be done now in this case by Judge David C. Godbey and Magistrate Judge Irma Carillo Ramirez, so the Plaintiff's can have the chance to seek relief they are entitled to.

Additionally, Magistrate Judge Irma Carrillo Ramirez also serves as the 'Chair' on the Board of Trustees at the Texas Center for Legal Ethics. Another judge who serves on the Board of Trustees at the Texas Center for Legal Ethics is Judge Audrey Moorehead who elected to preside over Dallas County Criminal Court at Law No 3 upon Judge Doug Skemp's full time retirement from this court in December 2018. After a series of botched events, wherein Plaintiff's Public Defender Vickie Rice deliberately lied to and misled the Plaintiff, including a botched competency hearing regarding Plaintiff's "competency to stand trial" for the misdemeanor penal code violation 42.07 Section C, which was filed on a felony indictment on June 28, 2018. On May 7, 2019, based on the Plaintiff's pro se Motion to Recuse Judge Skemp filed on April 29, 2019, Judge Skemp granted the Plaintiff's pro se motion and recused himself from the criminal case following the events that occurred during a botched competency hearing on April 16, 2019. The Plaintiff's criminal case was then "randomly assigned" by administrative regional Judge Ray Wheless to Judge Audrey Moorehead's court, even though this is the same court Judge Skemp recently retired from as recently as December 2018. Judge Audrey Moorehead has expressed an extremely biased, unconstitutional, and pure hatred towards the Plaintiff in the unconstitutional criminal proceedings since being assigned the criminal case on May 28, 2019. As Plaintiff has discovered recently, that the felony indictment in her criminal case, the grand jury foreman's signature was literally forged on the indictment itself, meaning the entire criminal charge pending against the Plaintiff is not only unconstitutional, it is now undeniably completely false. As the pending criminal charge is based on a false, forged felony indictment. Based on this information by itself, Plaintiff feels this is more than enough to warrant Judge Godbey as well as his magistrate judge, Magistrate Judge Irma Carrillo Ramirez, given the

connection with Board of Trustees at the Texas for Legal Ethics to recuse them and this court, from this case 3:18-cv-2117-N-BH and 3:19-cv-00435-N-BH. As once again to reiterate this for the court, this cause of action was dismissed with prejudice (doc 45 & 55, 56) on May 24, 2019, based on evidence that Plaintiff lied on her IFP application (doc 2) to this court. The evidence submitted that determined Plaintiff lied was based on information/evidence taken from documents and information obtained in the false pending criminal charge against the Plaintiff, which we now know, is based on a forged felony indictment. *(The fact that the felony indictment filed on June 28, 2018, was indeed forged, cannot be argued. Although, Plaintiff anticipates this point will be argued by documents that will be submitted subsequently to federal court, hopefully by then this case will be recused from this court, prepared behind the scenes by hundreds of attorneys, in an effort to convince the Plaintiff that she was indicted although, the proof is factual and cannot be argued. The original criminal charge itself is also 100% unconstitutional, therefore Plaintiff cannot be charged with PC Violation 42.07 Section C, as according to federal law Plaintiff is allowed to contact the government, which included the city attorney of Sachse, "Joe Gorfida".)* Plaintiff did not lie on the IFP application (doc 2) to this court, nor was there any evidence submitted to this court at any time, that is a factual basis that Plaintiff did lie to this court on her IFP application. Given the fact, the pending criminal charge against the Plaintiff now turns out to be a forged felony indictment, this information must be rescinded and stricken, based on new evidence of the forged indictment, and with that Plaintiff is requesting an unbiased court be assigned to preside over all proceedings involving the Plaintiff. Plaintiff also requests upon necessary recusal of Judge Godbey and Magistrate Judge Irma Carillo Ramirez, this case be assigned this time, to a court where the Judge(s) cannot be illegally persuaded or influenced

by US Attorney, Erin Nealy Cox, and/or bribed by either Stroz Friedberg LLC, Aon LPC, or anyone or any entity, *pursuant to 18 U.S.C. 1503, 18 U.S.C. 371, 18 U.S.C. 1510(a), 18 U.S.C. 1622, & 18 U.S.C. 1001, as well as all relevant federal laws relating to bribery and influence in an illegal manner over any federal judge and/or federal court proceedings as this would be illegal to either attempt to do, or any federal judge to participate in.*

In conclusion, Plaintiff has more supporting evidence in the new lawsuit she is intending to file immediately with a new cause of action, and is requesting the Motion to Recuse be expedited without the necessity of Plaintiff appearing for hearing on this matter, so that she can file this new lawsuit as quickly as possible. As the crimes (outlined in the new lawsuit and contains many of the counts outlined in doc 43 of this case) are literally destroying her family, as the culprits are continually gaining unauthorized access to Plaintiff's computers, deleting evidence, and preventing her from working for well over two years now. Which is why, it is imperative that this case be assigned to an impartial judge(s) who is not subject to illegal persuasion or influence as outlined in the preceding paragraph.

Please see the attached Exhibit A, attached hereto as evidence as was promised to the group of individuals during the past week in the three email attempts sent to them in efforts on Ms. Bucklew's part to prevent all of this information going into these two previous federal court cases, who are responsible for these crimes with every document filed in federal court, their names will be included as evidence, since Plaintiff knows the identity of these culprits now, as well as their relation to the FBI, and thus their relation to FBI issued technology, including FBI issued mobile devices. Not to mention the access to millions of dollars they have to go around bribing government officials in an illegal manner.  These culprits not only have a relation to the

FBI (DOJ) and the Secret Service (DHS), but also the US Attorney of the Northern District of Texas, Erin Nealy Cox. Plaintiff apologizes for being left no choice but to call out what is occurring and citing applicable federal law, as has been described here by the pro se Plaintiff, Ms. Bucklew.

Furthermore, as Plaintiff has tried to outline in detail in this Motion to Recuse, the Pretrial Management in this case has **failed**. The Pretrial Management has also failed in the Civil Rights violation lawsuit, the Pretrial Management in 3:18-cv-2117-N-BH has **failed**. With that said, Plaintiff plans on filing a request via the proper motion, with her subsequent lawsuit that any and all subsequent causes of action in addition to these two cases, a request that all and any cases will not be referred to the Magistrate Judge of the court for Pretrial Management. As such Pretrial Management in these cases has overwhelmingly **failed**. Plaintiff feels given what occurred previously in this case, as well as the magnitude of the information she has since learned about these identity of the culprits and their ability to commit these crimes, the presiding district judge of the federal court must be the judge presiding over all events and motions in the new case and the other subsequent necessary causes of action and lawsuits. With all of this said, Plaintiff's will <u>not</u> be signing the consent to proceed with Magistrate Judge for pretrial management, and will be filing a motion to request this not required, as Pretrial Management in these two cases 3:18-cv-2117-N-BH & 3:19-cv-00435-N-BH has **failed**.

Also, in conclusion, this Motion to Recuse can be assumed that it is going to be opposed, even though the Defendant's of this case have yet to be notified or served other than informal notice provided to CPS by Ms. Bucklew via email in June/July 2019, during correspondence

about the harassment regarding the closed CPS case from May 24, 2019, that CPS was still harassing and sending threatening letters to the Plaintiff's and their family with regard to.

Two common Defendants named in this CPS case is the City of Garland, as well as Officer Matt St Clair. Plaintiff is still not able to confer with the City of Garland city attorney Kurt C. Banowsky, as the pending criminal charge of harassment via email of the city attorney of Sachse "Joe Gorfida" is still pending against the Plaintiff, albeit a forged, illegal document. As Mr. Banowsky is literally the in-house city attorney of the City of Garland, the criminal charge pending against the Plaintiffs and Ms. Bucklew's Conditions of Bond were increased to include "no contact with the City of Garland" on April 16, 2019 by Judge Skemp during the "botched" competency hearing on Ms. Bucklew's competency to stand trial, for which please note, it was determined at the botched competency hearing that Ms. Bucklew was indeed "incompetent to stand trial". Therefore Plaintiff cannot confer on this motion with defendant's, whether it is or is not required for this motion to recuse.

Additionally, in February 2019, when Mr. Banowsky called the Plaintiff to confer about his Motion for Sanctions (3:18-cv-2117-N-BH) against the Plaintiff in the civil rights violation which he was planning to file, Mr. Banowsky lied about what transpired in the telephone call in the Motion for Sanctions (doc 31 of 3:18-cv-2117-N-BH ) he filed the next day, please note the subsequent next day, was the six false report of abuse/neglect that was opened against the Plaintiff's. Mr. Banowsky also filed documents, over 20+ pages front and back, therefore 40 pages in this Motion for Sanctions (doc 31 of 3:18-cv-2117-N-BH ) which violate the Computer Fraud and Abuse Act ("CFAA") of 18 U.S.C. § 1030. Therefore, whether it is or is not required in the future for the Plaintiff's future motions, or defendant's motions, Plaintiff will be requesting

she not be required to confer with the defendant's at all on her motions. Furthermore, when it is

required that the Defendant's confer with Plaintiff's/Ms. Bucklew instead the defendant's can

email the Plaintiff if their motions require the parties confer. The defendant's counsel have the

Plaintiff's email address. Plaintiff is requesting the defendant's (such as

[https://youtu.be/_fh724R8BqQ](https://youtu.be/_fh724R8BqQ)) and their counsel not do anything or file any motions, such as

the Motion for Sanction (doc 31 of 3:18-cv-2117-N-BH) that violate any federal laws, as

Plaintiff will no longer stand by and not say anything in response hoping federal court judges

will intervene, as clearly at least these two current judges have no intention of doing so.  Thus in

summary, all of this and more is ultimately the reason for this motion to recuse these two judges,

permanently from anything to do with the Plaintiff's or their family. Evidently, the Motion for

Sanctions filed in 3:18-cv-2117-N-BH by Mr. Banowsky on February 26, 2019, as well as, the

phone call to "confer" made to the Plaintiff the day prior, the end result planned by many, many

individuals, lawyers and judges was not that Plaintiff would know the the Computer Fraud and

Abuse Act ("CFAA") of 18 U.S.C. § 1030 and turn around and use Mr. Banowsky's own Motion

for Sanctions against him, which forced this court to deny his own motion. _Evidently, denying

Mr. Banowsky's Motion for Sanctions in 3:18-cv-2117-N-BH against the Plaintiff this was not

the "plan" this court had in mind when this was all "planned" beforehand_.  Plaintiff fully

intends on collecting the sanctions against Mr. Banowsky she is legally entitled to, which is

outlined in her Motion for Sanctions (doc 33 of 3:18-cv-2117-N-BH) filed on March 14, 2019

and even more so. In order to do that, Plaintiff will need to request recusal of these two judges,

as would be legally required at this point, based on both state and federal law.

The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS. Therefore, Plaintiff respectfully demands these two judges recuse themselves in light of the alleged previous conduct in these cases (3:18-cv-2117-N-BH & 3:19-cv-00435-N-BH) which gives Plaintiff  good reason to believe the two Judges currently assigned to these cases, literally cannot hear the above case in a fair and impartial manner, as required by the US Constitution. Plaintiff's and her family need to seek the relief they and their family are entitled to. Ms. Bucklew must find a way to get the culprits identified in the attached "Exhibit A" to cease hacking the Plaintiff and her family, completely, and this is a dire emergency this occur immediately.

Plaintiff's pray this Motion to Recuse is granted and that a new judge and court in the Dallas Division of the Northern District of Texas be assigned to preside over these proceedings. Plaintiff's further request a judge to proceed over this case who cannot be bribed or persuaded to be a party to these crimes if there is such a judge, as Plaintiff's trusts there must indeed, be.

Respectfully Submitted,

By:     /s/ Sarah Bucklew
Sarah Bucklew, pro se Plaintiff
(972) 639-1729
sbucklew19@protonmail.com

/s/ Christopher Ing
Christopher Ing, pro se Plaintiff
(214) 714-1996
chrising22@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, via the Court's ECF system, contemporaneously with its filing. There is no counsel of record for Defendant's, as this case did not move forward since it was filed on February 20, 2019. However, some of the Defendant's counsel has been notified Plaintiff's were filing this Motion to Recuse.

/s/ Sarah Bucklew
Sarah Bucklew, pro se Plaintiff